**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

MICHAEL LEATHERS,
Plaintiff,
v.
RONALD LEATHERS,
Defendant/Cross Defendant,
THERESA LEATHERS,
Defendant/Cross Claimant,
JAMES HOLDEN, Trustee of the Dirt Cheap Mine Trust,
Defendant/Cross Defendant.

CIVIL ACTION

Case No. 08-1213-MLB

**MEMORANDUM AND ORDER**

This case again comes before the court, this time on the parties' second round of dispositive motions.

I. Procedural History

This case was originally filed as a quiet title action in Haskell County, Kansas and thereafter was removed to this court. The case has been bifurcated, allowing the quiet title matter and the counterclaims filed by Ronald and James to be tried first, and the accounting actions against the oil and gas companies, as well as the income tax lien issue to proceed in a separate trial.

On May 13, 2010, this Court issued a Memorandum and Order on the parties' initial dispositive motions, which included 14 pages of facts (Doc. 69). No party requested reconsideration, so the facts therein are incorporated into this Order. In that Order, the Court made the following rulings:

There was no fiduciary relationship between the parties.

Ronald did not discharge Michael from payment of restitution when he transferred his interest to the trust.

The deed was reformed to reflect the intentions of the parties, and quiet title was granted:
Michael owns all the surface rights, and ½ of the mineral interests.
Ronald owns 1/4 of the mineral interests.
Theresa owns 1/4 of the mineral interests.

Ronald and James are not entitled to interest on any moneys mistakenly paid to Michael.

A genuine issue of material fact precludes summary judgment on whether a constructive trust exists and whether Michael was unjustly enriched.

II. Pending Motions

There are four pending dispositive motions before the Court:

1. Theresa's motion for affirmative summary judgment on her unjust enrichment claim against Michael, Michael's response and Theresa's reply (Docs. 81, 83 and 84).

2. Theresa's motion to dismiss Ronald and James' conversion and fraud by silence claims and Ronald and James' response (Docs. 102 and 107).

3. Michael's motion to dismiss or for summary judgment on Ronald and James' conversion and fraud by silence claims and Ronald and James' response (Docs. 99 and 105).

4. Ronald and James' affirmative motion for summary judgment against Michael on their claims of conversion and fraud by silence and Michael's response (Docs. 95 and 103).

III. Standards

The court and the parties are aware of the standards pertaining to motions under Fed.R.Civ.P. 12 and 56.

IV. Discussion

1. Theresa’s Motion for Summary Judgment (Doc. 81)

Theresa moves for affirmative summary judgment against Michael on her unjust enrichment claim. Theresa argues that Michael received royalty interest payments that belong to her, Michael knew he received the payments, and Michael knew the money did not belong to him.

Michael initially responds that summary judgment is not appropriate because Theresa did not raise a claim for unjust enrichment. Michael is not correct. Theresa’s pleading requests a constructive trust or “a claim in equity.” A constructive trust is an equitable remedy for an unjust enrichment claim. As stated in the prior order, a “constructive trust is a remedial device designed to prevent unjust enrichment by one who has an equitable duty to convey property to those to whom the property justly belongs.” Nelson v. Nelson, 288 Kan. 570, 578, 205 P.3d 715 (2009).

The rules provide for minimal notice pleading requirements. Rule 8(a)(2) requires only that the complaint include a “short and plain statement of the claim showing that the pleader is entitled to relief.” Detailed factual allegations are unnecessary - the statement need only “give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.” Twombly, 550 U.S. at 555. Theresa has met the minimal notice pleading requirements and Michael has not put forth any persuasive argument that he did not know what Theresa was claiming.

Michael next argues that there are material issues of fact that preclude summary judgment on Theresa’s affirmative unjust enrichment claim. This time Michael is correct. The first summary judgment order denied Ronald’s identical affirmative motion for summary

judgment against Michael based on unjust enrichment. The Court found that Michael did not have knowledge of the royalty payments until December 2006 (Doc. 69 at 29) and that, although there was no agreement between the parties, there is a factual issue whether a "benefit" was conferred on Michael, especially in light of his notifying the companies and Theresa's attorney in 2002 and 2003 that there may be a problem with the royalty payments.

Theresa's summary judgment motion is denied essentially for the same reasons as set out in the prior order. There is a factual issue whether Theresa and Ronald were aware in 2002 or 2003 that there was a problem with the deed, and did not act on that information until 2005 or 2006, and, if so, why.

Theresa's motion for summary judgment is denied.

2. Theresa's Motion to Dismiss (Doc. 102)

Theresa requests dismissal pursuant to Rule 12(b)(6) of all cross-claims made by Ronald. Theresa argues that the claim for a declaratory judgment on the validity of the Dirt Cheap Mine Trust does not assert an allegation against her.

Ronald's response to Theresa's motion does not set forth any factual reason why Theresa should not be dismissed from all the amended cross-claims, nor does he provide a legal argument against dismissal. Instead, Ronald responds that if he were allowed to file yet another amended pleading, he would be able to clarify the status of the pleading as it relates to Theresa. Ronald's response was filed in August 2011 (Doc. 107). Ronald requested 14 days to submit an Amended Cross-Claim. Ronald did not comply with local rule 15.1, which requires a party to file a motion to amend or a motion for leave

to file a pleading and attach a copy of the proposed pleading. D.Kan.Rule 15.1(a). Ronald will not now be allowed to again amend his pleading. Fed.R.Civ.P. 1.

Theresa's Motion to Dismiss (Doc. 102) is granted.

3. Michael's Motion to Dismiss or, alternatively, for Summary Judgment (Doc. 99)

A. Conversion

Michael asserts that Ronald and James' claim of conversion should be dismissed for failure to state a claim upon which relief can be granted or, in the alternative, that he be granted summary judgment. Michael first argues the amended counterclaim fails to allege that he received goods or personal chattels belonging to Ronald without authorization or that he, Michael, exercised the right of ownership over any property.

Conversion "is the unauthorized assumption or exercise of a right of ownership over goods or personal chattels belonging to another to the exclusion of the other's rights." In re Conservatorship of Marcotte, 243 Kan. 190, 194, 756 P.2d 1091 (1988). Conversion is a tort and is committed simply by the use of the property. Id.

Ronald and James respond that Michael received royalty payments belonging to Ronald, and did not pay or return the money in 2005 when Ronald requested the return of the payments. As discussed above, pleading standards require more than a bare recital of the elements of the claim. To avoid dismissal, a complaint must include sufficient facts to show a claim is plausible on its face. Ronald alleged that Michael received and retained money that belonged to Ronald, and the money was not delivered to him when requested. Ronald has

sufficiently met the pleading standard for his conversion claim.

Michael's motion to dismiss the conversion claim is denied.

Michael alternatively requests summary judgment on Ronald and James' conversion claim, arguing that it is barred by the two-year statute of limitations, K.S.A. 60-513(a)(2). Michael contends that any conversion claim was ascertainable in 2000 or 2002. A cause of action accrues when the act that gives rise to the action first causes substantial injury, or when the fact of injury becomes reasonably ascertainable to the injured party. K.S.A. § 60-513(b). An injury is reasonably ascertainable when a party knew or could reasonably have been expected to know of the conduct causing the injury. Knight v. Myers, 12 Kan.App.2d 469, 474, 748 P.2d 896 (1988)(addressing negligence claim). In Vore v. U.S. Bank, 84 P.3d 636 (Table)(Kan.App. 2004), the Court found that the term "reasonably ascertainable" carried with it an obligation to investigate available factual resources. Id. at *5, citing Bagby v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 104 F.Supp.2d 1294, 1298 (D.Kan. 2000).

Ronald responds that the statute of limitations did not begin to run until he made a written demand for the royalty payments in November or December, 2005. Ronald relies on Clark Jewelers v. Satterthwaite, 8 Kan.App.2d 569, 662 P.2d 1301 (1983) where the Court stated "a cause of action in conversion accrues when the third party's possession of the property becomes wrongful, *i.e.* when the third party refuses to return or disposes of the collateral." Satterthwaite cites the Second Restatement of Torts, § 237, which states that the rule is applicable "only when a demand has been made by a person entitled to the immediate possession of the goods."

In Satterthwaite, Clark Jewelers filed suit against Satterthwaite and his fiancé, Graber, to foreclose a security interest in a diamond bridal set. Satterthwaite bought Graber the set, secured with a down payment and an agreement to pay the balance within 90 days. Satterthwaite then defaulted on the security agreement. The president of Clark Jewelers visited Graber to seek voluntary repossession of the bridal set, which she refused. The Court considered that when Graber received the ring, her possession was not wrongful. Graber also did not have any liability for the payments, and her possession was not wrongful, although Satterthwaite did not make the payments. Graber's possession only became wrongful when the jewelry store "gained the right to repossess, had made demand upon her, and she had refused to deliver the bridal set to plaintiff." In other words, Graber's possession of the property was lawful or not wrongful until the jewelry store demanded the return of the property, which is why the demand was an important factor in the Court deciding whether there was a conversion.

In this case, a demand is not a necessary part of Ronald's conversion claim. If Michael possessed royalty payments that belonged to Ronald, then his possession was unlawful or wrongful from the time Michael received possession of the property, not when Ronald made a demand for the return of the money.

The evidence shows that Ronald was on notice of Michael's receipt of the royalty payments long prior to 2005. Michael was notified that there was a title problem in 2000. Michael informed Anadarko of the correct division order and in response, Anadarko notified Michael that all the royalty payments would be placed in suspense. Anadarko's

letter was also sent to Ronald. Michael contacted Anadarko and requested that his share not be placed in suspense since it was uncontested. As a result, Anadarko determined that only Ronald's share would be placed in suspense. In his deposition, Ronald testified that he stopped receiving his royalty checks from Chesapeake Energy in January 2002. In February 2002, Ronald called Chesapeake and was advised that there was a title problem with his mineral interests. (Theresa Leathers Exh. B, Ronald Leathers Depo., pp. 16-17, 27-28, 44). Theresa also testified that she informed Ronald in 2003 and again in 2004 that she was not receiving her royalty checks from Chesapeake. (Theresa Leathers Exh. B, Ronald Leathers Depo., p. 40-41). Ronald did not take any action.

Under Kansas law, Ronald was obliged to "reasonably investigate available sources that contain the facts of the injury and its wrongful causation." Kelley v. Barnett, 23 Kan.App.2d 564, 932 P.2d 471, 474 (1997) quoting Davidson v. Denning, 259 Kan. 659, 678-79, 914 P.2d 936 (1996). "Reasonably ascertainable does not mean actual knowledge." Davidson, 259 Kan. at 678. The conversation between Theresa and Ronald, as well as the discontinuation of the royalty checks in 2002, put Ronald on notice of problems with royalty payments. Minimal investigation by Ronald would have revealed that royalty payments were being made to Michael instead of Ronald. Thus, Ronald's injury was reasonably ascertainable in 2002, and the claim for conversion, which was filed in 2007, is untimely.

The Tenth Circuit has ruled that it does not believe the Kansas Supreme Court would recognize the continuing-tort exception to the statute of limitations for a claim of conversion. Northern Natural

Gas Co. v. Nash Oil and Gas, Inc., 526 F.3d 626 (10th Cir. 2008). In Northern, the Court noted that Kansas recognizes a continuing tort in nuisance cases but has refused to apply it in other actions. The Tenth Circuit refused to apply it to a conversion claim, and in the case at hand, this Court will follow suit.

Michael's motion for summary judgment on Ronald and James' conversion claim is sustained.

B. Fraud by Silence

Michael seeks dismissal of Ronald's fraud by silence claim because Ronald has not alleged that Michael had knowledge of material facts regarding his receipt of Ronald's royalty payments and because Ronald could have discovered this information by the exercise of reasonable diligence. Michael argues that he was not under an obligation to communicate with Ronald regarding the incorrect payments and he did not have the intent to commit fraud since he did not know he was receiving the payments. Finally, Michael asserts that the pleading does not allege any reliance or damages.

Rule 9(b) requires a claim alleging fraud to "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." Koch v. Koch Indus., Inc., 203 F.3d 1202, 1236 (10th Cir. 2000). A party claiming fraud or mistake "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." K.S.A. § 60-209(b). "Rule 9 requires specificity with respect to the acts, statements, or omissions alleged to have been fraudulent." Hemphill v. Shore, 44 Kan.App.2d 595, 605, 239 P.3d 885

(2010), citing Anderson v. Franklin, 2010 WL 74765 at *8 (E.D.Mich. 2010).

To establish fraud by silence, Ronald must allege that: (1) Michael had knowledge of material facts which Ronald did not have and which Ronald could not have discovered by the exercise of reasonable diligence; (2) Michael was under an obligation to communicate the material facts to Ronald; (3) that Michael intentionally failed to communicate to Ronald the material facts; (4) that Ronald justifiably relied on Michael to communicate the material facts to him; and (5) that Ronald sustained damages as a result of Michael's failure to communicate the material facts. Lesser v. Neosho County Community College, 741 F.Supp. 854, 863 (D.Kan. 1990).

Ronald pled fraud by silence, but not with specificity. Ronald alleged that Michael knew he, Michael, received royalty payments which belonged to Ronald. However, Ronald has not alleged any facts that support a claim that Michael knew he was receiving Ronald's royalty payments prior to November 2005.

Although Ronald alleged that Michael was under a duty to inform Ronald of the payments, he has not alleged a relationship which would result in a legal duty. Kansas Courts have held that the duty to disclose or inform arises in two different situations: 1) a contracting party that has superior knowledge, or knowledge that is not within reasonable reach of the other party, has a legal duty to disclose information material to the bargain, and (2) parties in a fiduciary relationship must disclose material information to one another. DuShane v. Union Nat. Bank, 223 Kan. 755, 760, 576 P.2d 674 (1978). As discussed in the prior order (Doc. 69 at 21-26), there was

no fiduciary relationship between the parties. Ronald has not alleged the parties were in a contractual relationship which created an obligation. Kansas Courts have found that a party has a duty to disclose material facts if the party "knows that the other is about to enter into the transaction under mistake as to such facts, and that the other, because of relationship between them, the customs in trade, or other objective circumstances, would reasonably expect disclosure of such facts." Boegel v. Colorado Nat'l Bank of Denver, 18 Kan.App.2d 546, 550, 857 P.2d 1367, *rev. denied* 253 Kan. 856 (1993). Ronald has not alleged that the parties were in a transactional relationship which resulted in a duty by Michael. Ronald also does not allege any facts to support the claim that he relied on Michael, or that Ronald could not have discovered that the payments were being misapplied by the exercise of due diligence.

Even if Ronald's fraud by silence claim could survive pleading insufficiencies, it would not survive the alternative summary judgment motion. One element of a fraud by silence claim is an obligation to communicate material facts. Ronald has not presented any evidence that there was an obligation, or a relationship, that resulted in an obligation by Michael to communicate with Ronald regarding the misapplied payments. Ronald also has not presented any evidence that he justifiably relied on Michael to communicate material facts. In Schumacher v. Morris, 219 P.3d 1243 (Table)(Kan.App. 2009), the Court refused to overturn the district court's granting of summary judgment stating "we also find it difficult to understand why Bertha could not have discovered the existence of any alleged oral agreement simply by researching debits to the joint checking account used by her and

Robert to write the checks to Edna. Even with reasonable diligence in this regard, she could have discovered the material facts." Id. at *14. In this case, Ronald has put forth neither a claim nor evidence that he could not have discovered the misapplied payments to Michael with reasonable diligence, nor has he pointed to any evidence that he was justified in relying on Michael to be responsible for the royalty payments mistakenly paid to Michael.

Michael's alternative motion regarding Ronald's fraud by silence claim is sustained.

4. Ronald and James' motion for summary judgment on their conversion and fraud by silence claims against Michael (Doc. 95)

This mirror-image affirmative motion is denied for the same reasons set forth with respect to document 99.

5. Motion to Strike (Doc. 99)

Michael requests the court strike the other claims in Ronald's First Amended Counterclaims and Cross-claims. (Doc. 98). The first claim is for restitution and unjust enrichment, which the Court found were remaining issues following the first Summary Judgment Order. The second claim requests an imposition of a constructive trust, another issue the court found was precluded by summary judgment due to a genuine issue of material fact. Ronald's third cause of action was for conversion, and the fourth cause of action was for fraud by silence, both of which were properly included in the amended counterclaims but which have been disposed of in this order. Finally, Ronald's fifth and sixth causes of action are for an accounting and validation of the Dirt Cheap Mine Trust. These claims were raised prior to the filing of the Amended Counterclaims and Cross-claims, and

are properly included in the filing. Michael's Motion to Strike is denied.

V. Case Status

The remaining claims in this bifurcated part of the case appear to be as follows:

1. Do the royalty payments received by Michael result in a constructive trust for Ronald and Theresa?

2. Was Michael unjustly enriched?

This case is a pleading maze because of all the claims, cross-claims, counter-claims and amendments. It has been complicated by the attorneys' use of the words "plaintiff," "cross-claimant," etc. instead of the parties' names. All in all, the parties' submissions have been difficult to follow. The pretrial order, which was filed before the second round of dispositive motions, must be redrawn to incorporate the rulings herein. In addition, the parties need to revisit the bifurcation of the liability and damages, and to determine whether the accounting needs to be completed before the court can conduct a trial on the remaining claims. The amended pretrial order shall be filed on or before June 22, 2012 and a pretrial conference before the undersigned will be held July 23, 2012 at 1:30 p.m. All counsel must be present.

VI. Conclusion

For the reasons set out herein Theresa's Motion for Summary Judgment (Doc. 81) is denied; Theresa's Motion to Dismiss (Doc. 102) is granted; Michael's Motion to Dismiss or for Summary Judgment and to Strike (Doc. 99) is granted in part and denied in part; Ronald and James Motion for Summary Judgment (Doc. 95) is denied; and Michael's

Motion for Hearing (Doc. 101) is denied.

VII. Motion to Reconsider

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).

Any such motion shall be filed before June 4 and shall not exceed five pages. The response to any motion for reconsideration shall not exceed five pages and shall be filed by June 11. No reply shall be filed.

IT IS SO ORDERED.

Dated this 29th day of May 2012, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE