IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
MICHAEL LEATHERS,                       )
                                        )   CIVIL ACTION
        Plaintiff,                      )
    v.                                  )   No. 08-1213-MLB
                                        )
RONALD LEATHERS,                        )
                                        )
        Defendant/Cross Defendant,      )
                                        )
THERESA LEATHERS,                       )
                                        )
        Defendant/Cross Claimant,       )
                                        )
JAMES HOLDEN, Trustee of the Dirt       )
Cheap Mine Trust,                       )
                                        )
        Defendant/Cross Defendant.      )
_____)
```

**MEMORANDUM AND ORDER**

Before the court are the following:

1. United States' Motion for Summary Judgment against Ronald Leathers (Doc. 135);

2. Ronald Leathers' and James Holden's Emergency Motion to Strike Submission Date or For Continuance (Doc. 138);

3. United States' Response to Emergency Motion to Strike(Doc. 140);

4. Ronald Leathers' Response to Motion for Summary Judgment (Doc. 143);

5. Ronald Leathers' and James Holden's Memorandum in Opposition to Motion for Summary Judgment (Doc. 144); and

6. United States' Reply to defendants' Response to Summary Judgment (Doc. 145).

The court has reviewed defendants' "emergency" motion to strike. It is essentially a request for more time to obtain and review discovery before answering the United States' motion for summary

judgment. At the same time defendants filed this motion, they also filed a 69-page motion to compel further discovery from the United States. The latter motion was referred to the Magistrate Judge. Defendants' motion to strike asks the court to delay the due date for their summary judgment response until thirty days after they obtain all the discovery they seek.

Despite the request for more time, on November 14, 2012, defendants proceeded to file both a summary judgment "response and answer" and a "memorandum of law" opposing summary judgment. (Docs. 143, 144). Aside from being untimely, these documents fail in several respects to comply with Federal Rule of Civil Procedure 56, Rule 56.1 of the Rules of Practice and Procedure for the District of Kansas, and this court's standing order pertaining to summary judgment motions.

Defendants' request for more time is governed by Rule 56(d), which provides that if a nonmovant shows by affidavit that "for specified reasons, it cannot present facts essential to justify its opposition," the court may issue an appropriate order, including allowing more time to obtain discovery. This rule requires the nonmovant to identify both the specific facts it seeks to uncover and how the additional material will rebut the motion for summary judgment. See <u>Libertarian Party of New Mexico v. Herrera</u>, 506 F.3d 1303, 1308-09 (10th Cir. 2007). Defendants' affidavit in support of their request for more time fails to meet the latter requirement.

Defendants' primary complaint about discovery, as shown by counsel's affidavit, is that the United States responded to discovery requests by "dump trucking" 2,574 pages of material with "no discernible organization of the documents produced whatsoever." (Doc.

-2-

138-1). As the United States points out, the volume of production is directly related to the number and nature of defendants' document requests. At any rate, the court notes that on or about November 16, 2012, the United States provided defendants with an index of these materials. (Doc. 141 at 7-8; Doc. 145 at 3, n.2).

After considering all of the circumstances, including defendants' motion to compel, the court will extend defendants' summary judgment response deadline to Monday, December 17, 2012. No extensions of this deadline will be granted <u>for any reason</u>. The United States' reply will be due 14 days after service of the response, in accordance with D. Kan. R. 6.1(d)(2).

Defendants' current "response and answer" and "memorandum in support" (Docs. 143 & 144) will be stricken for failure to comply with the rules of this court.

The court reminds counsel of its standing order pertaining to summary judgment motions, which may be found on the court's website at [www.ksd.uscourts.gov/standing-order/.](www.ksd.uscourts.gov/standing-order/.) Pursuant to that order, supporting memoranda, including statements of material fact and authorities and argument, are limited to 30 pages. Attachments may exceed that limit but not if their purpose is to circumvent the page limitation. Excessive footnotes shall not be used to circumvent page limitations. Response and reply memoranda shall not exceed 30 and 10 pages, respectively. Surreplies are not permitted.

The movant on summary judgment must set forth a concise statement of material facts. <u>See</u> D. Kan. 56.1. Each fact must appear in a separately numbered paragraph and each paragraph must refer with particularity to the portion of the record upon which the movant

relies. The opposing memorandum must contain a similar statement of facts. The non-movant must number each fact in dispute, refer with particularity to those portions of the record upon which it relies and, if applicable, state the number of the movant's fact that is disputed. The court may, but is not obligated to, search for and consider evidence in the record that a party has failed to cite. A failure to specifically and properly controvert a material fact may result in the fact being deemed admitted for purposes of summary judgment.

Statements of uncontroverted facts and responses shall specifically cite the place in the record where <u>each</u> <u>fact</u> can be found. (J. Belot Revised Standing Order of Mar. 4, 2004). Statements of uncontroverted fact and responses thereto shall cite <u>only</u> facts. Argument and the drawing of inferences shall be reserved for the authorities and argument section of the memorandum.

**<u>Conclusion</u>**

Defendants' Motion to Strike or for Continuance (Doc. 138) is GRANTED insofar as it seeks an extension of time. Defendants' response to the United States' motion for summary judgment shall be filed on or before December 17, 2012.   Defendants' request for costs is DENIED;

Defendants' Response to Summary Judgment (Doc. 143) and Memorandum in Opposition to Summary Judgment (Doc. 144) are STRICKEN for failure to comply with the federal and local rules and the standing order of this court.

IT IS SO ORDERED.

Dated this 27th  day of November 2012, at Wichita, Kansas.

```
                                  s/Monti Belot
                                  Monti L. Belot
                                  UNITED STATES DISTRICT JUDGE
```