**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MICHAEL LEATHERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 08-1213-WEB |
| ) | |
| **RONALD LEATHERS, ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on the motion of Ronald Leathers and James Holden, Trustee of the Dirt Cheap Mine Trust's motion to compel the United States of America (the "United States") to provide additional information in response to defendants' interrogatories, production requests and requests for admission. (Doc. 139).[1] For the reasons set forth below, the motion shall be DENIED.

D. Kan. Rule 7.1(e) provides that "the arguments and authorities section of briefs or memoranda must not exceed 30 pages absent a court order." Defendants' "argument and authorities section" of their brief is 67 pages long and permission to exceed the page limit has not been authorized. Because defendants' motion violates D. Kan. Rule 7.1(e), the

---

[1] Ronald Leathers' and James Holden's, Trustee of the Dirt Cheap Mine Trust, interests in this case are related and they are represented by the same attorney. For editorial consistency, Ronald Leathers and James Holden are referred to as "defendants" in this opinion.

motion shall be denied.

> Equally important, D. Kan. Rule 37.2 provides:
>
>> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. . . . A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It *requires* that the parties in good faith *converse, confer, compare views, consult, and deliberate* or in good faith attempt to do so. (Emphasis added).

On Wednesday, October 17, 2012, defendants emailed a letter to the United States requesting that the parties confer concerning the discovery requests. The letter itself did not contain any substantive discussion of the discovery disputes but merely attached a copy of the motion to compel and requested that the parties confer on October 18 or 19. On October 18 at 8:32 a.m. the United States sent an email to defendants explaining that counsel was on travel and would be available to discuss the discovery issues on Monday, October 22. The United States also asked defendants for "the best time to speak on Monday." Defendants made no further effort to confer and filed their motion to compel on Friday, October 19 at 10:00 p.m.

Under the circumstances, defendants did not make a good faith effort to confer and violated D. Kan. Rule 37.2.[2] The United States promptly responded to defendants' letter and

---

[2] The failure to confer is significant because one of defendants' discovery issues concerned the manner in which the United States produced requested documents. The United States subsequently provided an index to its documents in an effort to resolve defendants' concerns. Defendants filed no reply brief challenging the United States' supplemental production and have waived any further consideration of this issue.

-2-

suggested that the parties confer on Monday, October 22, a reasonable proposal given the lengthy list of discovery issues mentioned in defendants' draft motion to compel. Defendants failure to comply with D. Kan. Rule 37.2 is an alternative basis for denying the motion to compel.

In addition to violating Rules 7.1(e) and 37.2, defendants did not file a reply brief challenging any of the United States' arguments in opposition to defendants' motion to compel. The court deems the defendants' failure to respond to any of the United States' factual or legal arguments to be an abandonment of their motion to compel.

**IT IS THEREFORE ORDERED** that defendants' motion to compel **(Doc. 139)** is **DENIED** for the reasons set forth in this opinion.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 29th day of November 2012.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge