**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

MICHAEL LEATHERS,                    )
                                     )
                 Plaintiff,          )    **CIVIL ACTION**
                                     )
v.                                   )    No. 08-1213
                                     )
RONALD LEATHERS, et al.,             )
                                     )
                 Defendant.          )
_____)

**MEMORANDUM AND ORDER**

This matter is before the court on the following:

Plaintiff Michael Leathers' Motion for Leave to File Summary Judgment Out of Time (Doc. 152) and Motion for Summary Judgment and Order Allowing Interpleader(Docs. 152-1, 151-2);

Cross-Claimant United States' Response (Doc. 153);

Defendants/Counterclaimants Ronald Leathers and James Holden's Response and Answer to Plaintiff's Motion for Summary Judgment and Interpleader (Docs. 154, 155);

United States' Motion for Rule 54(b) Entry of Judgment on Cross-Claim (Docs. 156, 157);

Ronald Leathers' and James Holden's Objection (Docs. 160, 161); and

United States' Reply (Doc. 162).

**I. Michael Leathers' Motion for Leave (Doc. 152).**

The parties and the court are all too familiar with the history of this case, so it will not be repeated here. The court now has before it Michael Leathers' request for leave to file a summary judgment motion out of time and his request for an order of interpleader. The United States does not object and believes granting these motions would further resolution of the case. Ronald Leathers

and James Holden oppose the requests.

Michael seeks leave to file an additional summary judgment motion in the wake of accountings by the energy companies who paid royalties to the Leathers. At a pretrial conference with the parties in August of 2012, the court set up a schedule for completion of the accountings, granted Ronald's request to take additional discovery, and set up a briefing schedule for a summary judgment motion by the United States. The court has since resolved the United States' motion for summary judgment. The final pretrial order has not yet been entered.[1]

The court finds that the circumstances warrant leave to file the additional summary judgment motion. The amount of royalties in dispute on Ronald's claim of unjust enrichment was previously unknown, as was noted in the original pretrial order, but the accountings now establish both the amounts in dispute and the dates of payment. When these newly ascertained facts are applied to the court's prior legal rulings, they provide a basis for narrowing the scope of the remaining claims as a matter of law.

The court finds plaintiff has shown good cause for filing the motion out of time; that the interests of justice – including the interest favoring just, speedy and inexpensive determination of actions (Fed. R. Civ. P. 1) – warrant granting leave; and that defendants will not suffer unfair prejudice or surprise from the filing of the motion (in fact, defendants have commendably included

---

[1] Judge Brown previously entered a pretrial order (Doc. 89), but the undersigned judge determined after ruling on summary judgment motions that the order should be redrafted to reflect changes in the posture of the case.

their responses to the summary judgment motion with their opposition to the request for leave). Michael's motion for leave to file the summary judgment motion out of time is therefore granted. See St. Clair v. City of Iola, Ks., 1994 WL 129993, *1-2 (Mar. 2, 1994) ("The court, in the exercise of its discretion, finds that under the circumstances of this case it is a benefit to both the court and the parties to permit the defendant to file a motion for summary judgment out of time.").

**II. Michael Leathers' Motion for Summary Judgment (Docs. 152-1, 152-2).**

Facts. The following facts are uncontroverted for purposes of summary judgment. See Doc. 155 at 3.

1. Michael Leathers first discovered he was receiving royalty payments that should have been paid to Ronald Leathers or Theresa Leathers in December of 2006.[2]

2. Only Merit Energy Company paid Michael Leathers royalties on petroleum production from the mineral interests that had been inherited by Michael's brother Ronald Leathers.

3. The Merit Energy Company royalties which were mistakenly paid to Michael Leathers were royalties on petroleum production from two wells known as the Weeks Farm A-1 Well and the Weeks Farm A-2 Well.

4. The Weeks Farm A-1 Well and the Weeks Farm A-2 Well were, as of December of 2006, operated by Merit Energy Company and have been operated by Merit Energy since that time.

---

[2] Ronald and Holden concede the court previously found this fact to be uncontroverted and so do not contest it here, although they reserve the right to appeal the court's ruling on the issue. (Doc. 155 at 3).

-3-

5. In October of 2008, Merit Energy began placing in a suspense account all royalty payments representing production from the minerals owned by Ronald Leathers and Theresa Leathers.

6. Between December of 2006 and October of 2008, Merit Energy paid Michael Leathers total royalties for the production from the Weeks Farm A-1 Well and the Weeks Farm A-2 of $65,331.90. Half of these royalties should have been paid to Ronald Leathers and Theresa Leathers, while the other half of the royalty payments relate to mineral interests owned by Michael. The total amount of the royalty payments that should have been paid to Ronald and Theresa during that period of time is $32,665.96, or $16,332.98 to each of them.

7. Any claim brought against Michael Leathers for unjust enrichment will not include interest.

Summary of Arguments. Michael contends the uncontroverted facts show the maximum amount of royalty payments that counterclaimants could recover under their unjust enrichment claim is $32,665.96. He further argues the court should allow him to deposit this sum with the court and then dismiss him from the case: "Although Michael denies liability for unjust enrichment in this case, he desires to interplead the maximum amount ... and be dismissed from the case." (Doc. 152-2 at 8).

Ronald and Holden argue the rules of civil procedure do not allow interpleader under these circumstances because Michael is trying to use it "as a device to avoid trial without confessing liability" on the unjust enrichment claim against him. (Doc. 154 at 2).

Discussion.

As an initial matter, the court will grant partial summary

judgment as to the following uncontroverted facts: (1) between December 2006 and October 2008, the total amount of royalty payments that were mistakenly paid to Michael Leathers and that should have been paid to Ronald and Theresa Leathers was $32,665.96, or $16,332.98 each to Ronald and Theresa; and (2) the sum of $32,665.96 represents Michael's maximum liability on the unjust enrichment claims by Ronald and Theresa ($16,332.98 on each claim). These facts will be considered established for purposes of further proceedings in this case without need of additional proof.

Contrary to defendants' argument, interpleader is not barred by the fact that Michael does not offer to confess liability on the unjust enrichment claim. Rule 22 allows interpleader "even though ... [the party] denies liability in whole or in part to any or all of the claimants." Fed. R. Civ. P. 22(a)(1). But defendants are correct that Michael's denial of liability precludes an order dismissing him from the case. Absent an accepted Rule 68 offer of judgment on the claim or a finding by the court as to Michael's liability for unjust enrichment, the court cannot enter a final judgment on the unjust enrichment claims against Michael.

Interpleader is essentially a procedural device for joining competing claimants in a single action. That is not a concern here where all of the claimants are already parties. And absent a final determination of the unjust enrichment claims, the court concludes that using interpleader to deposit Michael's maximum possible liability into court would not advance the litigation. The court will therefore deny Michael's request to interplead these funds. Accordingly, the motion for summary judgment is granted in part and

denied in part to the foregoing extent.

**III. United States' Motion for Entry of Judgment (Doc. 156).**

The United States moves pursuant to Rule 54(b) to reduce Ronald's unpaid tax assessments to judgment. The motion is based on the court's summary judgment determination that Ronald is indebted to the United States for federal income tax liabilities in the amount of $1,464,497.67, plus interest, arising from unpaid assessments in eight of the nine tax years at issue. (See Doc. 151 at 24-25). The United States argues there is no just reason to delay entry of judgment on its cross-claim against Ronald. Ronald and Holden oppose the request, arguing it would "ferment piecemeal litigation."

Rule 54(b) allows the court to direct entry of final judgment on fewer than all of the pending claims only if it determines that there is no just reason for delay. Fed. R. Civ. P. 54(b). Although there is a significant interest generally weighing against piecemeal litigation, see Stockman's Water Co., LLC v. Vaca Partners, LP, 425 F.3d 1263, 1265 (10th Cir. 2005), in this instance the court determines there is no just reason for delay and that the order represents a final judgment on the United States' cross-claim. The factual basis underlying the cross-claim is essentially unrelated to, and independent of, the remainder of the litigation. Entry of final judgment on this claim will advance rather than delay final disposition of the case. And the amount of the judgment is determinable from uncontroverted facts showing a tax indebtedness of $1,464,497.67. Accordingly, the court will direct entry of a final judgment pursuant to Rule 54(b) on the United States' cross-claim.

**IV. Pretrial Order**.

The pretrial order needs to be revised to reflect the current posture of the case. The order should include all remaining issues and the parties' positions with respect thereto. The order should set forth any claims pertaining to the royalties held in suspense by the defendant energy companies and the parties' positions for resolving those claims.[3] It should include a proposed briefing schedule for any anticipated motions.

Counsel must confer and submit a revised proposed pretrial order by Monday, September 23, 2013. The proposed order should be emailed to the court at: ksd_belot_chambers_ksd.uscourts.gov.

**IV. Conclusion**.

Michael Leathers' Motion for Leave to File Summary Judgment Motion (Doc. 152) is GRANTED. His Motion for Summary Judgment (Doc. 152-1) is GRANTED IN PART and DENIED IN PART. It is granted with respect to the factual findings set forth on page 5 of this order. It is denied insofar as it requests interpleader of funds and dismissal of Michael Leathers.

The United States' Motion for Entry of Judgment (Doc. 156) is GRANTED. Pursuant to Fed. R. Civ. P. 54(b), the court will direct entry of final judgment in favor of the United States of America on its cross-claim against Ronald R. Leathers. As determined by the court on summary judgment, Ronald R. Leathers is indebted to the United

---

[3] The United States contends the priority of its tax liens versus any competing claims can and should be determined by means of a summary judgment motion. (Doc. 153 at 2).

States for federal individual income tax liabilities in the amount of $1,464,497.67, plus interest and statutory additions from the dates of assessment, for unpaid assessments for the tax years 1997 and 1999-2005. The United States is directed to prepare and submit an appropriate form of judgment to the court.

IT IS SO ORDERED.

Dated this 27th day of August 2013, at Wichita, Kansas.

s/Monti Belot

Monti L. Belot

UNITED STATES DISTRICT JUDGE