**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

MICHAEL LEATHERS, )
)
                Plaintiff, )   **CIVIL ACTION**
)
v. )   No. 08-1213-MLB
)
RONALD LEATHERS, et al., )
)
                Defendants. )
)

**MEMORANDUM AND ORDER**

This matter is before the court on the following:

1) Cross-Claimant Internal Revenue Service's (IRS) Motion for Summary Judgment foreclosing tax liens (Doc. 180) and Cross-defendants Ronald Leathers' and James Holden's response (Doc. 187); and

2) Ronald Leathers' and James Holden's Motion for Partial Summary Judgment on Priority of Assignment and Government Tax Liens (Doc. 183) and IRS' Response (Doc. 185).

## I. Background and Procedural History[1]

Louise Leathers owned certain real properties in Haskell County, Kansas. After her death in 1991, and subsequent litigation, the mineral interest in the Haskell County properties was distributed equally to Michael and Ronald Leathers. Ronald's share then dwindled to one-fourth interest after a judicial finding that Ronald's ex-wife would receive a fifty percent interest in his share.

During the years 1997 and 1999 to 2005, Ronald failed to file a tax return. The IRS assessed federal income taxes against Ronald for those years. The IRS also filed Notices of Federal Tax Liens

---

[1] The complete facts concerning this case can be found in this court's prior Memorandum and Order dated May 3, 2013. (Doc. 151).

(NFTLs) in Haskell County, Kansas and in Colorado Springs, Colorado, Ronald's last known residence. A NFTL was filed on April 28, 2005, for tax years 1997 through 2002. A second NFTL was filed on September 19, 2006 for the same tax years.

On October 6, 2006, Ronald conveyed "all right, title and interests . . . related to 'mineral rights' and 'chose(s) of action'" to the Dirt Cheap Mine Trust, a trust allegedly established to reacquire Ronald's mineral interest and royalty payments. On November 12, 2007, a tax assessment was completed by the IRS and mailed to Ronald for the tax years 2003 through 2005. On February 25, 2008, a NFTL was filed in Colorado and Kansas for the liabilities arising from tax years 2003 through 2005.

This action originally began as a state court lawsuit to quiet title and was filed by Michael Leathers in Haskell County, Kansas. In June 2008, Michael amended his petition to add the United States as a party, alleging that its tax liens filed in Haskell County for Ronald's unpaid assessments gave it a potential interest in the mineral rights that were the subject of the action. The United States removed the action to this court in July 2008. It added a cross-claim in June 2010 seeking to reduce its tax assessments to judgment. (Doc. 74).

On May 3, 2013, this court entered an order granting in part the IRS' motion for summary judgment on its cross-claim. The court granted the IRS' motion to reduce to judgment the assessments for tax years 1997 and 1999-2005. The court denied the IRS' motion for the tax year 1998. Additionally, the court found that the IRS had established a lien on all royalty proceeds in which Ronald retained

an interest. However, the court rejected the IRS's contention that collateral estoppel precluded the trust from claiming an interest in the royalties and the court expressed no opinion on the validity of the trust or the purported assignment by Ronald. The issue of the priority of the IRS' liens was not before the court at that time.

The IRS now moves for summary judgment seeking to foreclose on its liens. (Doc. 180). Ronald and James Holden, Trustee for the Dirt Cheap Mine Trust, move for partial summary judgment on the priority of the tax liens. (Doc. 183).

**II.  Summary Judgment Standards**

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here. Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists so that a rational trier of fact could resolve the issue either way and an issue is "material" if under the substantive law it is essential to the proper disposition of the claim. Adamson v. Multi Community Diversified Svcs., Inc., 514 F.3d 1136, 1145 (10th Cir. 2008). When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If so, the court cannot grant summary

judgment.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**III. Analysis**

The Internal Revenue Code provides that if a taxpayer fails to pay taxes after demand, the amount of the delinquent tax shall be a lien in favor of the United States upon all property belonging to the taxpayer.  26 U.S.C. § 6321.  A federal tax lien attaches only to the property of the delinquent taxpayer.  United States v. Wingfield, 822 F.2d 1466, 1472 (10th Cir. 1987).  The first question, then, is what property interests Ronald held at the time the federal taxes were assessed against him.  Property rights are a matter of state law.  See United States v. Rodgers, 461 U.S. 677, 683 (1983). In this case the law of the State of Kansas controls.

At the time of the tax assessments for the tax years 1997, 1999 through 2002, Ronald retained the rights to the mineral interest. Therefore, the IRS has priority over the royalties from the mineral interest until its lien for the tax years 1997, and 1999 through 2002, has been paid in full because the lien was perfected prior to Ronald's transfer of his interest.[2]

The real dispute lies in the second lien which was filed by the IRS in 2008.  The assessment for the tax years 2003 through 2005 was completed on November 12, 2007.  At that time, Ronald did not retain the mineral interest.  That interest was in the hands of the trust on October 6, 2006.  "A tax lien cannot attach to property which has been previously assigned or transferred by the taxpayer at the time the assessment is made.  Assignments made prior to a tax assessment

---

[2] Ronald and Holden essentially concede that the IRS has priority on its first lien.  (Doc. 184 at 6).

-4-

preclude lien attachment." United States v. General Motors Corp., 929 F.2d 249, 253 (6th Cir. 1991); United States v. Rodgers, 461 U.S. 677, 690-91 (1982)(A lien arising under Section 6321 "cannot extend beyond the property interests held by the taxpayer.") Therefore, the second lien attached only to Ronald's 45% interest in the trust. Nothing more.[3]

The IRS cannot attach its lien to the trust's share of the royalties from the mineral interest unless it establishes that Ronald fraudulently transferred his interest to the trust. Id.; United States v. Boomershine, No. 91-7107, 1992 WL 164280 (10th Cir. July 13, 1992). The IRS does not attempt to establish that the transfer was fraudulent. (Doc. 181 at n. 1).

Therefore, the court denies the IRS' motion seeking the trust's future share of the royalty payments.

**IV. Conclusion**

The IRS' motion is granted in part and denied in part. (Doc. 180). Ronald and Holden's motion for partial summary judgment is denied. (Doc. 183).

Ronald and Holden's request for a jury trial on this issue (Doc.

---

[3] The IRS contends that the second lien has priority over the trust's interest because the trust does not have a "security interest" and is not a "purchaser" as those terms are defined under 26 U.S.C. § 6323. Section 6323 states that "the lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest . . . until notice thereof." The lien imposed by section 6321 is created upon an assessment. This section essentially protects the IRS' assessment against a taxpayer even though it has not yet filed a NFTL. The problem here, however, is that the second lien could not have attached to the mineral interest at the time of assessment in 2007 because they were no longer Ronald's property. Therefore, section 6323 does not apply. The trust gained its interest prior to the assessment.

-5-

187 at 6-7) is denied. <u>United States v. Annis</u>, 634 F.2d 1270, 1272 (10th Cir. 1980) (Where the government seeks only to enforce its tax lien, an action sounding in equity, no right to a jury arises.)

The IRS is instructed to send a proposed judgment to the court reflecting the amount due on the first lien for the tax years 1997 and 1999 through 2002.

The court will conduct a status conference on April 7, 2014, at 1:00 p.m. to discuss the pretrial order and the status of the remaining issues in the case.

IT IS SO ORDERED.

Dated this __27th__ day of February 2014, at Wichita, Kansas.

s/ Monti Belot

Monti L. Belot

UNITED STATES DISTRICT JUDGE
